UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

William Clayton Homesley, individually and
on behalf of all other similarly situated
individuals,

        Plaintiff,

v.

Optos, Inc.,

        Defendant.

Case No.

_____

Plaintiff William Clayton Homesley ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Nichols Kaster, PLLP bring this action against Optos, Inc. ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act.

**JURISDICTION AND VENUE**

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.    Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, maintains it corporate headquarters in Marlborough, Massachusetts, and because a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

3.    Defendant Optos, Inc. is a Delaware corporation with a principal place of business located in Marlborough, Massachusetts.  According to the company's website, Defendant

1

designs, develops, manufactures and markets retinal imaging devices.

4. Defendant operates in interstate commerce by, among other things, manufacturing and distributing products to customers in multiple states. Upon information and belief, Defendant's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

5. At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Plaintiff William Clayton Homesley is an adult resident of the State of North Carolina. Plaintiff has worked for Defendant as a field service engineer from approximately April 2006 to present.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as field service engineers, or other job titles performing similar duties (e.g. implementation representative), across the country during the applicable statutory period.

8. Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS

9. At all times relevant herein, Defendant operated a willful scheme to deprive its field service engineers of overtime compensation.

10. Plaintiff and the similarly situated individuals worked as field services engineers or other job titles performing similar duties for Defendant. As field service engineers, their

primary job duty was non-exempt work; installing, repairing, and maintaining retinal imaging devices manufactured by Defendant.

11. Plaintiff and the similarly situated individuals were paid a salary with no overtime pay.

12. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

13. Defendant was aware, or should have been aware, that Plaintiff and the similarly situated individuals performed non-exempt work that required payment of overtime compensation. For instance, Defendant knew that Plaintiff and the similarly situated individuals worked overtime hours because Defendant assigned Plaintiff his work and required Plaintiff to work long hours to complete all of his job responsibilities.

14. Further, Plaintiff complained to management on numerous occasions about the fact that he and other similarly situated employees were working overtime hours and not being properly compensated for those hours. For example, in or around May 2011, Plaintiff complained to Defendant about being misclassified as exempt from the FLSA and not being paid overtime compensation.

15. Defendant did not keep accurate records of the hours worked by Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

17. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed collective class for the FLSA claims is defined as follows:

>All persons who worked as field service engineers (or other job titles performing similar duties) for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

18. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

19. During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

20. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

21. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

22. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

# CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the similarly situated individuals)**

23. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

24. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

25. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

26. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

27. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

28. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

29. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant in the amount of Plaintiff's and the similarly situated individuals' unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

C. Appropriate civil penalties;

D. A finding that Defendant's violations of the FLSA were willful;

E. All costs and attorneys' fees incurred prosecuting this claim;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. All further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all simliarly situated individuals, demands a trial by jury.

DATED this 20th day of January, 2012.

/s/Thomas W. Duffey
KEANE, KLEIN & DUFFEY
Thomas W. Duffey, MA Bar No. 563616
One Church Court
Boston, MA 02129
Telephone: (617) 242-8383
keaneklein@aol.com

NICHOLS KASTER, PLLP
*Rachhana T. Srey, MN Bar No. 340133
*Paul J. Lukas, MN Bar No. 22084X
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
srey@nka.com
lukas@nka.com

*Pro Hac Vice Motion forthcoming

Attorneys For Plaintiff and the Similarly Situated