UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                            )
WILLIAM CLAYTON HOMESLEY, individually  )
and on behalf of all other similarly situated     )
individuals                                                )
                        Plaintiff,                          )
                                                            )
                        v.                                  )          Civil Action No. 12-10122-JCB
                                                            )
OPTOS, INC.                                            )
                                                            )
                        Defendant.                       )
_____)

## ORDER AND FINAL JUDGMENT GRANTING APPROVAL OF FLSA SETTLEMENT

December 20, 2012

Boal, M.J.

　　　　WHEREAS, the parties filed a joint motion for approval of Fair Labor Standards Act

("FLSA") Settlement and Dismissal of Claims, (Docket No. 22);

　　　　WHEREAS, the court subsequently held a hearing on December 5, 2012 to address

questions the court had regarding the settlement;

　　　　WHEREAS, the Settling Plaintiffs[1] had notice of the hearing but did not attend;

　　　　WHEREAS, the parties filed a supplemental memorandum regarding the settlement,

(Docket No. 30);

　　　　Pursuant to 29 U.S.C. § 216(b), the court hereby grants final approval of the settlement

_____

　　　[1] As defined in the Settlement Agreement, Release, and Waiver of Claims (the
"Agreement") (Docket No. 24-1), the term "Settling Plaintiffs" includes, inter alia, all named
and opt-in plaintiffs and individuals who provided Consent to Join Settlement and Release of
Claims Forms.

and enters judgment accordingly.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. Pursuant to the procedures for a collective action under the FLSA and as otherwise required, this court grants the motion and hereby approves the settlement set forth in the parties' joint motion for approval of settlement and the Agreement.

2. The court has reviewed the Agreement and finds that it is a fair and reasonable resolution of a bona fide dispute over FLSA provisions that has been reached after intensive, serious, and non-collusive arm's-length negotiations, as evidenced by, among other things, two private mediation sessions in May 2012.  Accordingly, the court hereby directs that the settlement be effected in accordance with the Agreement and the following terms and conditions.

3. The court finds that the requested payment of additional compensation to Plaintiff William Clayton Homesley in the amount of $10,000.00 as an Incentive Award is fair and reasonable in light of the benefits he has provided to the Settling Plaintiffs and Plaintiffs' Counsel.  Payment of such amount from the Settlement Fund to Plaintiff Homesley is hereby ordered.

4. The court approves the request by Plaintiffs' Counsel for attorneys' fees in the amount of $533,333.33, constituting 33.33% of the total Settlement Fund, plus costs of $11,754.20 for all past and remaining work until completion of such matter.  Such awards, which are to be paid out of the Settlement Fund, are made in accordance with the terms of the Agreement, and are fair and reasonable given all the circumstances, including the fact that Defendants made no objection and Settling Plaintiffs were notified of and agreed to

the percentage amount of fees.

5.     The court awards Plaintiffs' Counsel administration fees of $5,000.  Any portion of the

fee that is not used to effectuate the purpose of settlement shall be paid to the Settling

Plaintiffs on a pro rata basis, calculated in accordance with the terms of the Agreement.

6.     Within thirty (30) days after payment in full of all amounts awarded in this Order and

Final Judgment, Plaintiffs' Counsel shall file a certification that it has compiled fully

with its obligations hereunder.

7.     This document shall constitute the judgment for purposes of Rule 58 of the Federal Rules

of Civil Procedure.  Without affecting the finality of this Order and Final Judgment, the

court reserves continuing and exclusive jurisdiction over the parties to the Agreement to

administer, supervise, construe, and enforce the Agreement in accordance with its terms

and the orders of this court for the mutual benefit of the parties.

8.     Having found that the settlement is fair and reasonable, the court, in the interest of

justice, expressly directs the Clerk of the Court to enter this Order and Final Judgment,

and thereby decrees that, upon entry, it be deemed a final judgment dismissing with

prejudice the action and the claims of the Settling Plaintiffs.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge